UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LUZ MARY VALDES,

    Debtor.
_____/

MONEYGRAM PAYMENT
SYSTEMS, INC.,

    Plaintiff,
v.

LUZ MARY VALDES

    Defendant.
_____/

Case No.: 16-26255-LMI
Chapter 7

**Adv. Case No. 17-01109-LMI**

## MOTION TO DISMISS ADVERSARY COMPLAINT

LUZ MARY VALDES ("Ms. Valdes"), by and through the undersigned counsel on a *pro bono* basis, and pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6), moves ("Motion") to dismiss the Complaint to Determine Non-Dischargeability of Debt ("Complaint") [ECF No. 1] filed by Moneygram Payment Systems, Inc., ("Moneygram") for failure to state a claim upon which relief can be granted.

### BACKGROUND

1.    This lawsuit arises from a contractual dispute between Plaintiff and Luz Fashions Import and Sales, Inc. ("Luz Fashions"), whereby Moneygram provided money transfer and money order services to the general public ("Services") through Luz Fashions as Moneygram's limited agent, pursuant to a Master Trust Agreement ("Agreement"), dated September 11, 2014.

2. In connection with the contractual arrangement between Moneygram and Luz Fashions, and as a principal of Luz Fashions, Ms. Valdes executed a personal guaranty ("Guaranty").

3. Throughout the course of the Agreement, Moneygram had access to, and swept Luz Fashions bank account for amounts reportedly due relative to the service provided. However, it often failed to promptly sweep the account.

4. Luz Fashions was a retail clothing and accessory store in Hialeah, and later in Kendall, which failed and ceased doing business.

5. Ms. Valdes maintains that all of her actions were taken in her capacity as a principal of Luz Fashions.

6. Moneygram initiated a lawsuit against Luz Fashions and Ms. Valdes in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Case No. 16-001966-CA-01, alleging breach of contract against Luz Fashions (Count I) and Valdes (Count II), on February 10, 2016 ("State Court Action").

7. Default final judgment was entered against Luz Fashions and Ms. Valdes for $123,201.40, on July 27, 2016 ("General Unsecured Debt").

8. Moneygram now brings this action seeking a determination by the Court that the General Unsecured Debt is excepted from discharge on claims of fraud or defalcation while acting in a fiduciary capacity, embezzlement, and willful and malicious injury.

## ANALYSIS

9. Moneygram has failed to state a cause of action against Ms. Valdes for objection to dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) or (6).

10. "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Mervyn's LLC v. Lubert-Adler Group IV, LLC (In re: Mervyn's Holdings LLC)*, 426 B.R. 488, 494 (Bankr. D. Del. 2010) (citations omitted). "In ruling on a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all well-pleaded facts alleged by the plaintiff are accepted as true." *Mann v. Kendall Props. & Invs., LLC (In re AS Mgmt. Servs., Inc.)*, 2007 Bankr. LEXIS 2838, 2007 WL 2377082, at *2 (Bankr. S.D. Fla. August 16, 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true 'state a claim to relief that is plausible on its fact.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Crop. V. Twombly*, 556 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id. (Citing Bell Atl. Corp. v. Twombly,* 5520 U.S. at 555).

11. Courts construe exceptions to discharge liberally in favor of the debtor and strictly against the creditor consistent with the strong policy of providing the debtor a discharge and a fresh start. *See Interamerican Asset Mgmt. Fund Ltd. v. Ortega (In re Ortega)*, 2017 WL 2720327 at *9 (Bankr. S.D. Fla. June 22, 2017).

12. "To state a claim for fiduciary fraud or defalcation under Section 523(a)(4), a creditor must show: (1) that the debtor held a fiduciary position *vis a vis* the creditor under a technical, express or statutory trust; (2) that the claim arose while the debtor was acting as a fiduciary; and (3) that the claim is for fraud or defalcation." *Cloninger v. Cloninger (In re Cloninger)*, 548 B.R. 839, 856 (Bankr. N.D. Ga. 2016).

13. Count I fails to state a claim because Moneygram did not properly—and cannot—allege that a fiduciary relationship existed between Moneygram and Ms. Valdes. Paragraph 19 *concludes* Ms. Valdes was acting as "Trustee" but fails to allege the formation and nature of the trust relationship. Paragraph 10 of the Complaint refers to the Agreement that is alleged to create a trust relationship between Luz Fashions and Moneygram, to which Ms. Valdes was not a party in her individual capacity. The Agreement does not create a trust relationship between Moneygram and Ms. Valdes.

14. Under the allegations of the Complaint, the alleged trust relationship under the Agreement was between Moneygram and Luz Fashions. The operative document between Moneygram and Ms. Valdes was the Guaranty. The Guaranty does not create a trust relationship. Rather, the Guaranty makes Ms. Valdes liable for the amounts due and owing from Luz Fashions to Moneygram. This construction of the Guaranty is consistent with the position Moneygram advanced in its action against Luz Fashions and Ms. Valdes in the State Court Action. Moneygram did not sue Luz Fashions and Ms. Valdes in State Court Action for fraud; it sued for breach of contract to collect the debt owed under the Guaranty.

15. Moneygram could have required Ms. Valdes, in her individual capacity, to sign the Agreement, which purports to create the trust relationship—but did not. Likewise, Moneygram could have included "trust" language in the Guaranty—but did not.

16. The exhibits to the Complaint conclusively demonstrate there was no trust relationship created between Moneygram and Ms. Valdes. Accordingly, Count I fails to state a claim upon which relief can be granted, and should be dismissed with prejudice.

17. Separately, Moneygram has failed to allege facts to establish Ms. Valdes' intent or state of mind required for claims under §§ 523(a)(4) and 523(a)(6).

4

18. Fraud or defalcation under § 523(a)(4) requires a showing "a culpable state of mind" involving "knowledge of, or gross recklessness in respect to the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.,* 133, S.Ct. 1754, 1757 (2013).

19. Here, Moneygram failed to "show that 'the debtor disregarded a harm of which [s]he was aware,' meaning 'the debtor must have been subjectively aware [s]he had a fiduciary duty and [her] actions risked breaching such a duty or [s]he was willfully blind meaning [s]he was subjectively aware of the probable existence of a fact but did not make any effort to determine if the fact exists.'" *In re Cloninger*, 548 B.R. at 859.

20. Here, Ms. Valdes did not individually sign a document creating a trust relationship with Moneygram. Ms. Valdes is not a professional fiduciary. She does not speak English. The Agreement and Guaranty were only presented to her in English on a small electronic device by a very pushy representative of Moneygram at her place of business and at a nearby hair salon. She was never delivered a written copy of the Agreement or the Guaranty. Moneygram possessed the ability to debit the Luz Fashion account.

21. Similarly, "both embezzlement and larceny require fraudulent intent." *Id.* at 860. Here, the Complaint does not specifically allege fraudulent intent. The Court should dismiss Count II.

22. Willful and malicious injury pursuant to § 523(a)(6) requires a showing of conduct more culpable than a reckless disregard of a creditors economic interests. *Johnson v. Logue (In re Logue)*, 294 B.R. 59, 63 (B.A.P. 8th Cir. 2003).

23. When analyzing a § 523(a)(6) claim, the Court employs a subject test to determine whether the debtor committed an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury. *See In re Ortega*, 2017 WL 2720327 at

5

*8 (citing *Kane v. Stewart Tilghman Fox & Bianchi P.A. (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014)).  Moneygram alleges no facts to satisfy the requirement that Ms. Valdes subjectively intended to commit acts to cause harm to or that were substantially certain to cause harm to Moneygram.

24. While not germane in the motion to dismiss posture, the evidence presented at summary judgment and/or trial will demonstrate Ms. Valdes' actions do rise to the level of those required for § 523(a)(6) claims.

25. Bottom line is many small businesses fail.  No one wins when small businesses fail.  Everyone loses.  Clearly, Ms. Valdes lost because she required chapter 7 bankruptcy relief to obtain her fresh start, to which she is duly entitled.  Moneygram lost too, just like to other financing companies.

WHEREFORE, Ms. Valdes respectfully requests that the Court enter an order dismissing the Complaint filed by Moneygram for failure to state a claim upon which relief can be granted, either in whole or in part, and grant such other and further relief as the Court deems just and proper.

Dated: August 3, 2017.

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3200

By:    */s/ Kristopher E. Pearson*
       Kristopher E. Pearson
       Florida Bar No. 0016874
       kpearson@stearnsweaver.com

*Pro Bono Counsel in this Adversary Proceeding for Luz Mary Valdes*

<u>Certificate of Service</u>

I HEREBY CERTIFY that this Motion to Dismiss is being filed electronically via the Court's CM/ECF website on August 3, 2017. I further certify that this document is being furnished electronically via Notice of Electronic Filing ("<u>NEF</u>") to those persons registered to receive NEF in this adversary proceeding, listed below, on the date that the document is entered on the Court's docket.

By: <u>/s/ Kristopher E. Pearson</u>
Kristopher E. Pearson
Florida Bar No. 0016874
kpearson@stearnsweaver.com

**SERVICE LIST**
**Adv. Case No. 17-01109-LMI**
**United States Bankruptcy Court, Southern District of Florida**

The following parties are registered to receive Notice of Electronic Filing and should have been served thorough CM/ECF.

- Sonya Salkin    salkintrustee@msbankrupt.com, FL41@ecfcbis.com;sls1@trustesolutions.net;mark@msbankrupt.com;sonya@msbankrupt.com;Kristen@msbankrupt.com
- Sonya L Salkin    sls@msbankrupt.com, sonya@msbankrupt.com;kristen@msbankrupt.com;mark@msbankrupt.com

#5806194 v1